DA 12-0290

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 285N

WAYNE and JENNIFER POSSELT,
husband and wife,

        Plaintiffs and Appellees,

   v.

BRADFORD E. POWERS and
LORI LEE GRIMSRUD POWERS,

        Defendants.

LORI LEE GRIMSRUD,

        Cross-Claimant and Appellant,

   v.

BRADFORD E. POWERS,

        Cross-Defendant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV-07-238
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           James C. Bartlett, Attorney at Law; Kalispell, Montana

      For Appellees:

           Amy N. Guth, Attorney at Law; Libby, Montana

Submitted on Briefs:  October 2, 2012

Decided:  December 11, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Lori Lee Grimsrud appeals from the order entered by the Nineteenth Judicial District Court, Lincoln County, granting summary judgment to Wayne and Jennifer Posselt. The District Court ordered that Posselts were entitled to specific performance of the written contract they entered with Bradford E. Powers for purchase of Powers' interest in 7 acres of real property located in Lincoln County. Powers had been awarded the interest in 2000 by the Lake County District Court in a proceeding dissolving his marriage with Lori Lee Grimsrud. Grimsrud had been awarded the remaining 2.37 acres of the 9.37 acres of jointly-held Lincoln County marital property, pursuant to a property settlement agreement prepared by Grimsrud. Powers defaulted and did not participate in the dissolution proceeding. The dissolution court approved the property settlement agreement, which provided that the parties would "execute quit claim deeds if necessary to convoy [sic] all of their interest in the above property." However, no deeds between Powers and Grimsrud were ever recorded.

¶3     In 2006, Powers sold his interest in the 7 acres to Posselts. Under the Buy-Sell Agreement, Posselts were to pay for the costs of surveying the property and dividing the acreage into two parcels as ordered in the dissolution decree. When Grimsrud did not cooperate in effectuating the property division, Posselts initiated this action, praying for specific performance of the Buy-Sell Agreement against Powers, and alleging interference with performance of the agreement by Grimsrud. Powers did not defend and his default was entered. Grimsrud answered

3

in opposition to Posselts' claims and cross-claimed against Powers for damages, alleging breach of oral commitments concerning the property that Powers had made to Grimsrud after the dissolution.

¶4 The District Court granted summary judgment to Posselts, ordering specific performance of their Buy-Sell Agreement with Powers and dismissing Posselts from the proceeding. Citing the Statute of Frauds, the court rejected Grimsrud's argument that she and Powers had partially performed a post-dissolution oral agreement to dispose of the property. The court denied certification of the summary judgment order as final for purposes of appeal, and permitted Grimsrud to proceed on her damage claims against Powers. After trial, Grimsrud was awarded $84,715.66 in compensatory damages, punitive damages, and attorney fees. Grimsrud's judgment against Powers has not been challenged on appeal.

¶5 Grimsrud posits on appeal that the dissolution decree neither divested joint title from Grimsrud and Powers nor re-configured the property between them. She argues that these issues were left open to be decided by "the dissolution court sit[ting] in equity to decide fairness based on subsequent events." Grimsrud thus concludes that the Lincoln County District Court lacked subject matter jurisdiction to address Posselts' contract claims until determinations concerning the property were made within the dissolution proceeding and statutory procedures governing division of property were completed. She argues that the summary judgment and the subsequent judgment in her favor against Powers are inconsistent. Further, Grimsrud argues that the District Court erred in its application of the Statute of Frauds.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in

4

this case are legal. Having reviewed the briefs and the record, we are not persuaded by Grimsrud that the District Court committed reversible error in its interpretations of law.

¶7     Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER